MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:   (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

Attorney for Plaintiffs,
The Yamin Family 1999 Limited Partnership

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>EZRI NAMVAR,<br><br>    Debtors.<br>_____<br><br>THE YAMIN FAMILY 1999 LIMITED PARTNERSHIP,<br><br>    Plaintiff,<br><br>v.<br><br>EZRI NAMVAR,<br><br>    Defendant. | CASE NO.: 2:08-bk-32349-BR<br><br>Chapter 11<br><br>Adversary Case No.: _____<br><br>COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE UNDER 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6) |

1
COMPLAINT TO DETERMINE DEBT TO BE
NONDISCHARGEABLE UNDER 11 U.S.C. §523(a)

## COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

Plaintiff, The Yamin Family 1999 Limited Partnership (hereinafter "Plaintiff"), pursuant to 11 U.S.C. §523(a) and Bankruptcy Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure, files this complaint in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court") to have certain debts and obligations due to Plaintiff by Ezri Namvar (hereinafter "Debtor") determined to be nondischargeable.

Plaintiff alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This adversary proceeding is instituted against the Debtor to obtain an order pursuant to 11 U.S.C. §523(a) determining the nondischargeability of debts the Debtor owes to Plaintiff.

2. This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157 (b)(2).

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case currently pending under Title 11 of the U.S. Code, the involuntary Chapter 11 bankruptcy of the Debtor, filed on December 22, 2008 in the United States Bankruptcy Court, Central Division of California, case number 2:08-bk-32333-BR (the "Bankruptcy").

4. Plaintiff is a limited partnership, existing in Los Angeles County and doing business in this district.

5. The Debtor is a principal of Namco Capital Group, Inc. ("Namco"), and at all relevant times herein was, an individual residing in Los Angeles, California and doing business within this district.

## GENERAL ALLEGATIONS

6. On or about April 4, 2008, Debtor executed, on behalf of Namco, in favor of Plaintiff a promissory note in the amount of $1,600,000.00 (the "Note"), in change for Plaintiff's transfer to Namco of $1,600,000.00 (the "Loan"). Under the terms of the Note, Namco was to pay Plaintiff monthly interest on the balance due until the maturity date. The Note was to mature "upon [Namco] receiving thirty (30) days advance notice [from Plaintiff]". A true and correct copy of the Note is attached hereto, and incorporated herein by this reference, as Exhibit "1".

7. The Loan was made to Namco based upon Debtor's representation, at the time of and prior to the Loan being made, that Namco would provide sufficient collateral, of Plaintiff's choosing, for the Note to the Plaintiff. At the time that Plaintiff, through its managing partner Mansour Yamin ("Yamin"), agreed to loan Namco the sum of $1,600,000, before the funds were transferred to Namco's account on April 4, 2008, and continuously thereafter, through October 25, 2008, Debtor willfully and maliciously repeatedly promised and represented to Yamin and his son Soleiman Yamin, that Namco would provide Yamin real property collateral in equivalent value to the amount of the loan, as security. Those express promises and representations were made in person and by phone, and are evidenced by electronic communications between Debtor and Yamin.

8. In July of 2008, Debtor presented to Plaintiff various properties from which the Plaintiff could chose as security for the Loan, and provided Plaintiff with sales materials purported to be related to each of the properties. Plaintiff selected a property known as 535 Vick Place (the "Vick Property"), as security for the Loan. After several unreturned phone calls to the Debtor by Plaintiff, the Debtor finally contacted Plaintiff, in or about September of 2009, and indicated that the Loan could not be secured by a deed of trust on the Vick Property.

9. On September 25, 2008, the Plaintiff demanded a payoff of the Note by giving the thirty (30) days notice to Namco as required under the Note. By this demand, the maturity date of the Note became October 25, 2008. A copy of the demand letter sent to Debtor and Namco is attached hereto, and incorporated herein by this reference, as Exhibit "2".

10. In October of 2008, Debtor represented that a property known as Pecos (the "Pecos Property") could be used as security for the loan, and provided Plaintiff with sales materials purported to be related to the Pecos Property. Contrary to the Debtor's representations, the Plaintiff discovered that Debtor had grossly misstated the value and the income of the Pecos Property. No deed of trust was recorded on the Pecos Property.

10. In October of 2008, Debtor represented that there were various properties in Las Vegas (collectively, the "Vegas Properties") that could be used as security for the Loan, and provided Plaintiff with sales materials purported to be related to the Vegas Properties. Contrary to the Debtor's representations, the Plaintiff discovered that Debtor had grossly misstated the value and the income of each of the Vegas Properties. No deed of trust was recorded on any of the Vegas Properties.

11. In October of 2008, after Plaintiff discovered that Debtor had misrepresented the value and income of the Vegas Properties and informed the Debtor of the same, the Debtor represented to Plaintiff that one of his units in the Nam Tower in Tel Aviv, Israel (the "Nam Tower Property"), could be used as security for the Loan, and provided Plaintiff with sales materials purported to be related to the Nam Tower Property. Over multiple telephonic conversations, Debtor and his representatives, persuaded Yamin to travel to Israel where he was promised an interest in a portion of Debtor's interest in the Nam Tower Property. The promised interest was to be equivalent in value to the amount due and owing on the Loan. Based on

Debtor's representations, Yamin did travel to Israel on November 3, 2008, at his own expense, and remained there for a period of approximately three weeks. During his stay in Israel, Yamin had multiple meetings and discussions with representatives of Debtor, during which the interest to be given in the Nam Tower Property changed several times.

12. On October 25, 2008, the Note matured without payment by either Namco or the Debtor. To date, Plaintiff has only received interest payments for six months and no repayment of principal from Namco.

13. From October to December of 2008, Plaintiff, acting in good faith, attempted to work with Debtor and Namco to modify the terms of the Note. The Debtor represented that the Nam Tower Property could be used as security for the Loan, but also, without any additional consideration, demanded that Plaintiff extend the maturity date by over 18 months. Despite the lack of additional consideration, Plaintiff was willing to accept the Nam Tower Property as security for the Loan. However, upon notifying Namco and Debtor of such fact, Namco withdrew the Nam Tower Property as potential security for the Loan.

14. Debtor made the above representations as to the existence of adequate collateral without any intention of performing them, in that by mid-2008 Namco and Debtor were experiencing dire financial difficulties and did not have the ability to provide to Plaintiff adequate collateral nor repay the Loan upon a thirty day demand, material facts which defendants concealed from Plaintiff.

15. Plaintiff relied on Debtor's promises and representations since there was an over 20 year standing personal and business relationship between Debtor and Plaintiff, which led Plaintiff to trust and believe the promises being made by Debtor. Moreover, in order to further mislead Plaintiff and induce its continued reliance, Debtor expressly instructed his agents and

COMPLAINT TO DETERMINE DEBT TO BE
NONDISCHARGEABLE UNDER 11 U.S.C. §523(a)

representatives to keep on presenting potential sources of collateral to Plaintiff, when unbeknownst to Plaintiff, but known to Debtor, the proposed properties did not have the requisite equity, nor were they sufficiently financially viable so as to serve as adequate security for the Loan.

16. On December 22, 2008 the Bankruptcy was filed.

### FIRST CLAIM FOR RELIEF

**(11 U.S.C. §523(a)(2)(A) – False Pretenses, False Representations or Actual Fraud)**

17. Plaintiff incorporates herein by reference paragraphs 1 through 16, inclusive, as though fully set forth below.

18. The facts as set forth above constitute the extension of money or credit by Plaintiff obtained by false pretenses, false representations and actual fraud.

19. The misrepresentations and omissions of the Debtor to Plaintiff were intended to deceive and, in fact, did deceive Plaintiff.

20. Plaintiff justifiably relied on the misrepresentations and omissions of the Debtor. Plaintiff sustained monetary losses in an amount no less than $1,600,000.00 as a proximate cause of such misrepresentations and omissions.

21. In committing the aforementioned unlawful acts, the Debtor has acted with malice, oppression, and willful disregard of Plaintiff's rights and interests, thus entitling Plaintiff to an award of punitive and exemplary damages.

22. Based on the foregoing, Plaintiff is entitled to a determination that the monetary obligations owed by the Debtor under the Loan of which Plaintiff has been deprived through the Debtor's false pretenses, false representations and actual fraud and the punitive damage award to

which the Plaintiff is also entitled constitute a nondischargeable debt under 11 U.S.C. §523(a)(2)(A).

## SECOND CLAIM FOR RELIEF

### (11 U.S.C. §523(a)(4) – Embezzlement)

23. Plaintiff incorporates herein by reference paragraphs 1 through 22, inclusive, as though fully set forth below.

24. The facts as set forth above show that the Debtor appropriated money from the Plaintiff for his own benefit, and did so with fraudulent intent to deceive the Plaintiff.

25. The misrepresentations and omissions of the Debtor to Plaintiff were intended to deceive and, in fact, did deceive Plaintiff. Debtor fraudulently appropriated the funds of the Plaintiff, which were entrusted to Debtor's care.

26. Plaintiff justifiably relied on the misrepresentations and omissions of the Debtor. Plaintiff sustained monetary losses in an amount no less than $1,600,000.00 as a proximate cause of such misrepresentations and omissions.

27. In committing the aforementioned unlawful acts, the Debtor has acted with malice, oppression, and willful disregard of Plaintiff's rights and interests, thus entitling Plaintiff to an award of punitive and exemplary damages.

28. Based on the foregoing, Plaintiff is entitled to a determination that the money of which the Debtor has been deprived through the Debtor's embezzlement and the punitive damage award to which the Plaintiff is also entitled constitute a nondischargeable debt under 11 U.S.C. §523(a)(4).

COMPLAINT TO DETERMINE DEBT TO BE
NONDISCHARGEABLE UNDER 11 U.S.C. §523(a)

## THIRD CLAIM FOR RELIEF

### (11 U.S.C. §523(a)(6) – Willful and Malicious Injury)

29. Plaintiff incorporates herein by reference paragraphs 1 through 28, inclusive, as though fully set forth below.

30. The facts as set forth above show that the Debtor's conduct in making false representations and omissions in obtaining money from the Plaintiff was willful and malicious and was undertaken with the intent to defraud Plaintiff. Debtor, at no time, intended to provide the collateral promised and was willfully and malicious in obtaining the property of the Plaintiff by representing that collateral would be provided.

31. The Plaintiff suffered damages in an amount no less than $1,600,000.00 actually and proximately caused by the Debtor's willful and malicious conduct.

32. In committing the aforementioned unlawful acts, the Debtor has acted with malice, oppression, and willful disregard of Plaintiff's rights and interests, thus entitling Plaintiff to an award of punitive and exemplary damages.

33. Based on the foregoing, Plaintiff is entitled to a determination that damages it has suffered as a result of the willful and malicious injury inflicted upon the Plaintiff by the Debtor and the punitive damage award to which the Plaintiff is also entitled constitute a nondischargeable debt under 11 U.S.C. §523(a)(6).

WHEREFORE, Plaintiffs pray for judgment as follows:

On the First Claim for Relief:

1. Compensatory damages in the amount of not less than $1,600,000.00 for the extension of money or credit by Plaintiff to Debtor as a result of Debtor's false pretenses, false representations or actual fraud;

2.   An award of punitive damages to which Plaintiff is also entitled based on the Debtor having acted with malice, oppression and willful disregard of Plaintiff's rights and interests; and

3.   A judgment pursuant to 11 U.S.C. §523(a)(2)(A) denying the dischargeability of the obligations owed by the Debtor to the Plaintiff of which Plaintiff has been deprived through the Debtor's false pretenses, false representations and actual fraud, and as a result of the punitive damage award to which Plaintiff is also entitled based on the Debtor having acted with malice, oppression and willful disregard of Plaintiff's rights and interests.

On the Second Claim for Relief:

1.   Compensatory damages in the amount of not less than $1,600,000.00 for the money of which Plaintiff has been deprived through the Debtor's embezzlement;

2.   An award of punitive damages to which Plaintiff is also entitled based on the Debtor having acted with malice, oppression and willful disregard of Plaintiff's rights and interests; and

3.   A judgment pursuant to 11 U.S.C. §523(a)(4) denying the dischargeability of the obligations owed by the Debtor to the Plaintiff of which Plaintiff has been deprived through the Debtor's embezzlement, and as a result of the punitive damage award to which Plaintiff is also entitled based on the Debtor having acted with malice, oppression and willful disregard of Plaintiff's rights and interests.

On the Third Claim for Relief:

1.   Compensatory damages in the amount of not less than $1,600,000.00 for all money paid and credit extended by Plaintiff to Debtor as a result of the willful and malicious injury inflicted upon the Plaintiff by the Debtor;

2. An award of punitive damages to which Plaintiff is also entitled based on the Debtor having acted with malice, oppression and willful disregard of Plaintiff's rights and interests; and

3. A judgment pursuant to 11 U.S.C. §523(a)(6) denying the dischargeability of the obligations owed by the Debtor to the Plaintiff of which Plaintiff has been deprived as a result of the willful and malicious injury inflicted upon the Plaintiff by the Debtor, and as a result of the punitive damage award to which Plaintiff is also entitled based on the Debtor having acted with malice, oppression and willful disregard of Plaintiff's rights and interests.

On All Claims for Relief:

1. Attorneys' fees and costs of suit incurred herein;

2. All interest and costs according to proof; and

3. Any and all further relief the court deems appropriate.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: 11/12/09    By: /s/ Michael J. Berger
Michael Jay Berger
Attorney for Plaintiff,
The Yamin Family 1999 Limited Partnership

COMPLAINT TO DETERMINE DEBT TO BE
NONDISCHARGEABLE UNDER 11 U.S.C. §523(a)